### In re PORTNER et al.

#### (District Court, E. D. Pennsylvania. January 5, 1907.)

#### No. 2,657.

**1. BANKRUPTCY—PETITION—AMENDMENT.**

An application to amend a bankruptcy petition so as to allege facts within the knowledge of the petitioners at the time the petition was filed was fatally defective for failure to allege the reason for the omission, as required by general order No. 11 (89 Fed. vii, 32 C. C. A. xiv).

**2. SAME—DETERMINATION.**

Where an application to amend a petition in bankruptcy proceedings was defective for failure to allege the cause of the omission, the applicant would be granted time to supply the omission.

In Bankruptcy. Order on petition for amendment.

J. Howard Reber, for petitioning creditors.

Greenwald & Mayer, for alleged bankrupts.

HOLLAND, District Judge. In the answer the objection is raised that the "facts stated in the amendment being within the knowledge of the petitioners prior to the first petition, which is now at issue, the amendment should not be permitted to be filed." If this be true, it would seem that the petitioners would have no right to amend in the

particulars set forth in their petition. In general order No. 11 (89 Fed. vii, 32 C. C. A. xiv) petitioners are required to set forth certain allegations, among others, the following:

"In the application for leave to amend, the petitioner shall state the cause of the error in the paper originally filed."

The petitioners in their application in this case have not given one word of information as to why the omission occurred in their original petition. They have entirely ignored that provision in general order No. 11 requiring such information to be set forth in the application for the amendment. We agree to the law urged by counsel for the petitioners as to the liberality which should be applied to the allowance of amendments in bankruptcy proceedings. No case should be permitted to fail on a technicality or an inadvertent omission. All cases should be heard upon their merits, and all amendments should be allowed when it is just to do so, and which will bring about a solution of all questions on their merits, but this liberality should not be carried to such an extent as to permit petitioners to wholly ignore the plain and wholesome rules and regulations as to the mode of having the amendments allowed.

Assuming that the petitioners can give a good and sufficient reason for the omission or error in the original petition, I will allow them five days from this date to insert this information in their petition to amend, at the end of which time, in the absence of such amendment to the amended petition, an order will be entered disallowing the amendments to the original petition in bankruptcy in this case.